IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DAVID E. CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:24-cv-76 |

**O R D E R**

Plaintiff filed this action under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS without prejudice** Plaintiff's § 1983 claims and official capacity claims.  However, I **FIND** that one of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's Eighth Amendment deliberate indifference claim against Defendant SDDO Echols.[1]

**PLAINTIFF'S CLAIMS**[2]

Plaintiff is a federal detainee at Folkston ICE Processing Center.  Doc. 1 at 2.  Plaintiff claims he filed a sick call request for a toothache on May 5, 2024.  The medical provider prescribed Plaintiff pain medication for his toothache.  Plaintiff claims he requested a tooth extraction at the time, but the medical provider told him this procedure would have to be done by

---

[1]    Plaintiff has consented to the undersigned's plenary review.  Docs. 10, 14.

[2]    All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

an offsite contracted dental clinic. After a few days, Plaintiff developed an allergic reaction to the pain medication and the medical provider prescribed him different medication.

On June 10, 2024, Plaintiff alleges he was seen by a different medical provider regarding his toothache. Plaintiff claims he again requested a tooth extraction, and the medical provider informed him there was nothing more they could do. The medical provider informed Plaintiff they had sent a request regarding Plaintiff's toothache to Supervising Deportation and Detention Officer ("SDDO") Echols. Plaintiff claims he then filed a medical grievance regarding the lack of medical treatment he received.

On June 22, 2024, Plaintiff was seen by a different medical provider. The medical provider gave Plaintiff an oral gel ointment for his toothache. After Plaintiff refused to sign the grievance form stating his issue had been resolved, the medical provider put a note in his file for SDDO Echols to schedule an immediate tooth extraction. Id. at 3.

On July 20, 2024, Plaintiff went to an offsite dental clinic. The dentist performed an x-ray on Plaintiff's tooth. The dentist examined Plaintiff's tooth and prescribed medication to reduce the swelling and inflammation near Plaintiff's tooth. The dentist informed Plaintiff they would add a note in Plaintiff's file for an immediate tooth extraction. Plaintiff claims the dentist stated they would bring Plaintiff back in a few days for the extraction. Plaintiff claims he never went back to the offsite dentist.

Plaintiff was transferred to Stewart Detention Center on August 7, 2024. Plaintiff claims the dental team at Stewart Detention Center performed Plaintiff's tooth extraction after his second request to the clinic. Id. at 3.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.      Plaintiff's § 1983 Claims**

Plaintiff's Complaint asserts causes of action for violation of civil rights under 42 U.S.C. § 1983. Immigration and Customs Enforcement is a federal agency under the Department of Homeland Security. To state a claim for relief under § 1983, a plaintiff must allege "a person

acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). "[T]hus, liability attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'" Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted). Accordingly, Plaintiff's § 1983 claim is improper due to its exclusive application to state actors. See Palomera v. Immigr. Customs Enf't, No. 109-CV-0318, 2009 WL 973669 (N.D. Ga. Apr. 8, 2009) (determining plaintiff's § 1983 claim against Immigration and Customs Enforcement was improper because it is a federal agency). I **DISMISS** Plaintiff's § 1983 claims.

## II.     Plaintiff's Official Capacity Claims

Plaintiff is a federal detainee seeking relief for alleged constitutional violations perpetrated by individuals and entities acting under color of federal law. Thus, the Court construes his Complaint as seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiff brings claims against Defendants Mayorkas, Lechleitner, and Echols in their official capacities. Doc. 1 at 1–2. "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)). "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit,' and '[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)). There being no plausible allegation that the federal government waived its

immunity from suit, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **DISMISS** these claims.

## CONCLUSION

For the foregoing reasons, I **DISMISS without prejudice** Plaintiff's § 1983 claims and official capacity claims. However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's Eighth Amendment deliberate indifference claim against Defendant SDDO Echols

**SO ORDERED**, this 14th day of July, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA